Jacqueline WHITEHORN,
Plaintiff–Appellant,

v.

Michael J. ASTRUE, Commissioner
of Social Security, Defendant–
Appellee.

No. 07–35885.

United States Court of Appeals,
Ninth Circuit.

Submitted March 13, 2009.*

Filed April 8, 2009.

John E. Seidlitz, Jr., Esquire, Seidlitz Law Office, Great Falls, MT, for Plaintiff–Appellant.

George F. Darragh, Jr., Assistant U.S., USGF–Office of the U.S. Attorney, Great Falls, MT, Pamela M. Wood, Esquire, SSA–Social Security Administration, General Counsel's Office, Region VIII, Denver, CO, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: W. FLETCHER, GOULD and TALLMAN, Circuit Judges.

MEMORANDUM **

Claimant Jacqueline Whitehorn filed an application for disability insurance benefits on October 23, 2003, citing ongoing health problems relating to severe asthma and chemical sensitivities. After a hearing, the Administrative Law Judge ("ALJ") denied Whitehorn's application. Whitehorn requested review by the Appeals Council, and submitted a new letter from her treating physician. Whitehorn alleged that this new letter further corroborated her disability. The Appeals Council disagreed, and adopted the ALJ's decision. The district court similarly rejected Whitehorn's arguments, and granted the Commissioner's motion for summary judgment.

In this appeal, Whitehorn makes two arguments. First, she alleges that the ALJ improperly rejected the opinion of her treating physician, Dr. Holly Strong. Second, she challenges the ALJ's adverse credibility finding as not supported by convincing reasons. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reject Whitehorn's first argument, but agree that the ALJ's reasons for disbelieving Whitehorn were not sufficiently convincing. We therefore reverse and remand to the ALJ.

## 1. Whitehorn's Treating Physician

■ Whitehorn argues that the ALJ improperly rejected the opinion of Dr. Strong, who was Whitehorn's treating physician. While Whitehorn is correct that such an opinion is normally entitled to

weight, she is incorrect as to a threshold issue: the ALJ did not reject Dr. Strong's opinion. On the contrary, the course of Whitehorn's treatment, as reflected in Dr. Strong's reports, provides substantial evidence to support the ALJ's decision. The ALJ relied almost exclusively on those reports. The reports indicate that Whitehorn was "remarkably improved overall" in April 2002, and that a few months later Whitehorn "seems like she's doing quite well." Those records also indicate that Whitehorn's medical tests did not reflect a condition that met the standard for serious asthma as outlined in the regulations. *See* 20 C.F.R. pt. 404 app. 1 sec. 3.03.

Whitehorn's arguments regarding Dr. Strong's 2006 letter are unavailing. That letter clearly addresses Whitehorn's condition in 2006, well after her disability insurance had ceased. December 31, 2002, was the last date on which Whitehorn met the special earnings requirements of the Social Security Act. 42 U.S.C. § 423(a)(1)(A). Since there is no indication that Dr. Strong intended her 2006 diagnosis to relate back to 2002, the ALJ was entitled to rely on Dr. Strong's contemporaneous medical reports.

## 2. Adverse Credibility

Next, Whitehorn argues that the ALJ erred in finding her not credible when she reported symptoms such as fatigue and the side effects of certain medications. Once a claimant has established a medical basis for a particular symptom, the ALJ can only reject reports of such a symptom "by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035–36 (9th Cir.2007) (quoting *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir.1996)).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ The ALJ's reasons for disbelieving Whitehorn's testimony are not clear and convincing. First, the ALJ noted that despite Whitehorn's testimony regarding uncontrollable shaking after certain asthma treatments, she still engaged in craft activities such as watercolor painting. But there is no indication that Whitehorn engaged in such activities in the fifteen to twenty-five minutes after a treatment, which was the reported duration of the shaking episodes. Moreover, Whitehorn specifically testified that she did not paint often.

The ALJ further found that Whitehorn's medical records and activities of daily living did not correlate with her allegations of fatigue and medical side-effects. On the contrary, Dr. Strong's medical records do reflect reports of fatigue and insomnia as a result of Whitehorn's treatment regimen and persistent coughing. As for Whitehorn's daily activities, nothing in her testimony regarding those activities is inconsistent with extreme fatigue. On the contrary, her testimony consistently corroborates that symptom. When discussing her participation in clubs, Whitehorn noted that she had ceased participating in most of those organizations, partially because some such events were scheduled at times when she was typically quite tired. While she testified that she made lunch for her husband and picked up around the house, such activity is not inconsistent with needing regular naps and being fatigued to the point of being unable to keep a job. *See Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily trans-

ferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." (citations omitted)).

We REVERSE the ALJ's adverse credibility finding and REMAND for further proceedings.[1]

TALLMAN, J., Concurring in part, dissenting in part.

I believe the ALJ did not err in discrediting Whitehorn's subjective complaints and would affirm that portion of his judgment. Therefore, I respectfully dissent.

The majority is correct that "[o]nce a claimant has established a medical basis for a particular symptom, the ALJ can only reject reports of such a symptom 'by offering specific, clear and convincing reasons for doing so.'" Maj. Disp. at 680 (quoting *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035–36 (9th Cir.2007)). However, I disagree with the majority's conclusion that the ALJ failed to state adequate clear and convincing reasons for disbelieving Whitehorn's testimony.

Social Security Ruling 96–7p sets forth factors which an ALJ may consider when disregarding a claimant's subjective complaints. The ALJ specifically referred to 96–7p in his decision and discussed the factors presented therein. These factors include:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the indi-

---

1. Whitehorn's third argument is derivative of the credibility issue. Whitehorn contends that the hypotheticals posed to the Vocational Expert ("VE") did not properly illustrate the range of Whitehorn's symptoms, including her fatigue. On remand, the ALJ will have an opportunity to address this issue.

vidual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

Soc. Sec. Ruling 96–7p, 1996 WL 374186; *see also Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.1996). These factors are then balanced against the whole of the record to determine whether a grant of benefits is warranted. *See* Soc. Sec. Ruling 96–7p ("Assessment of the credibility of an individual's statements about pain or other symptoms and about the effect the symptoms [has] on his or her ability to function must be based on a consideration of all of the evidence in the case record."). The ALJ may then disregard the totality of the claimant's testimony or any part thereof. *Id.*

Here, in finding Whitehorn "not fully credible," the ALJ considered the factors promulgated by SSR 96–7p. First, he adequately discussed whether Whitehorn's daily activities evidenced disability. He found that Whitehorn's statements were contradictory because she complained that "her hands shake, she cannot write, and she cannot perform fine motor tasks." However, she also claimed that she engaged in activities that clearly required fine motor skills. While the majority states "there is no indication that Whitehorn engaged in such activities in the fifteen to twenty-five minutes after a treatment, which was the reported duration of

the shaking episodes," we are not to substitute our own judgment for that of the ALJ when the record could be read in different ways. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982) ("Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld.").

The ALJ also considered the effectiveness and dosage of Whitehorn's prescriptions. He noted that "not only was [Whitehorn] responding positively to her medication regimen, her spirometry tests were quite good," indicating that her condition improved with the medication. Then, because of this vast improvement in her spirometry tests, Whitehorn's treating physician "did not change [Whitehorn's] regimen, because [she] was doing so well." The fact that Dr. Strong did not change the type or increase the dosage of Whitehorn's medications conflicts with her claim of total disability.

Finally, non-compliance with recommended treatments may be considered by the ALJ in his credibility determination. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1147–48 (9th Cir.2001) (approving this reason for disbelieving a claimant). The ALJ considered Whitehorn's compliance with her medications and her inability to follow her doctor's instructions. He noted that she was not always compliant with the medical regimen, yet she markedly improved with the assistance of her medicines. The record also indicates that her treating physician, Dr. Strong, noted that Whitehorn did not always follow the prescribed course in taking her medication and further stated that Whitehorn might notice improved results should she comply. I think this is a "clear and convincing" reason for disregarding Whitehorn's subjective complaints that she was totally disabled.

Because the ALJ stated clear and convincing reasons for discrediting Whitehorn's testimony, as required by both the Social Security Regulations and our case law, and because his determination was adequately supported by the record, I respectfully dissent.